## No. 972

No. 18994—James McKee, Robinson, Leroy Cochrel, a Minor, by Carrie Cochrel, his duly appointed Guardian, v. J. J. Robinson, et al.

Error to the Court of Appeals of Putnam County.

389. DESCENT AND DISTRIBUTION—1. A designated heir authorized by 8598 GC. has the same right of property as if born in lawful wedlock and is to be regarded the same as "issue" of the person so designating.

2. A person leaving such designated heir is not "without issue" within the purview of 8577 GC. and property acquired under 8574 GC. by such person will be inherited by his designated heir.

1105. STATUTES—To be construed so as to give effect to the Legislature's intention which is arrived at by giving effect to the paramount object sought to be attained by such statute.

DAY, J.

1. Section 8598, General Code, authorizing the designation of an heir creates rights of inheritance under the statute of descent and distribution of intestate estates and such designated heir becomes entitled to the same right of property as if he were a child born in lawful wedlock.

2. Such person so designated is to be regarded the same as "issue" of the person so designating, in so far as it involves his right to inherit from the person so designating under the statutes of descent and distribution.

3. Where a person acquires title to real estate under Section 8574, General Code, as having designated an heir, as authorized by Section 8598, General Code, afterwards dies intestate, seized of said property, the person so designated as heir inherits under the statutes of descent as "if a child born in lawful wedlock" and the person so designating an heir cannot be said to have died "without issue", within the purview of Section 8577, General Code, providing for inheritance by kindred of a deceased husband or wife of the intestate dying without issue.

4. In the construction of a statute the primary duty of the court is to give effect to the intention of the legislature enacting it. Such intention is to be sought in the language employed and the apparent purpose to be subserved, and such a construction adopted which permits the statute and its various parts to be construed as a whole and give effect to the paramount object to be attained.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

---

## No. 973

No. 19155—James C. Davis, Agent, etc., v. Oswald & Taube, a Partnership.

Error to the Court of Appeals of Hamilton County.

381. DELIVERY—Where bill of lading provides action for loss, damage, etc., must be brought within six months of delivery, an action by the consignor will not be defeated if he did not know of the non-delivery within the six months period, providing he brings the action within the next six months after acquiring such knowledge.

297. CONTRACT—1. The cause of action, where failure of common carrier to notify shipper of non-delivery within reasonable time, is for a breach of contract.

2. The liability of carrier is not altered after entering into a contract, by entrusting performance to another.

991. RAILROADS — The termination of Federal control does not terminate the Government's liability for action based on the Government's use, and operation.

ROBINSON, J.

1. A provision in a bill of lading "Claims for loss, damage or injury to property, must be made in writing to the originating or delivering carrier within six months after delivery of the property - - - - or in case of failure to make delivery then within six months - - - - - after a reasonable time for delivery has elapsed," will not defeat an action by the consignor who makes his claim and brings his action more than six months after delivery of the property to the carrier, where the consignor has no knowledge within the six months of the failure of the carrier to make delivery and brings the action within six months after acquiring such knowledge.

2. The cause of action of a shipper against a common carrier for damage to the shipment of goods occasioned by the failure of the common carrier to notify the shipper, within a reasonable time, of its inability or failure to make delivery, is for a breach of contract. The liability of the carrier upon its contract is not altered by the fact that it, after entering into the contract, entrusts the performance thereof to another.

3. The termination of Federal control, Section 200 (a) of the Transportation Act of 1920 and succeeding sections, while terminating the control of the Federal government over railroad transportation, did not terminate the liability of the Federal government to actions based upon causes of action arising out of its possession, use and operation of the railroad transportation systems.

4. Ordinary care requires a common carrier to notify the consignor within a reasonable time of its failure to deliver a shipment to the consignee.

Judgment affirmed

Jones, Matthias, Day, Allen and Kinkade, JJ., concur.